IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **OMAR EWIDEH,** | : | |
|     **Plaintiff** | : | No. 1:20-cv-02342 |
| | : | |
| v. | : | **(Judge Kane)** |
| | : | **(Magistrate Judge Arbuckle)** |
| | : | |
| **KOHL'S DEPARTMENT STORES** | : | |
| **CARLISLE PENNSYLVANIA d/b/a,** | : | |
| **KOHL'S DEPARTMENT STORES, et al.,** | : | |
|     **Defendants** | : | |

**ORDER**

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS**:

Before the Court is the February 4, 2022 Report and Recommendation of Magistrate Judge Arbuckle, recommending that Plaintiff Omar Ewideh ("Plaintiff")'s amended complaint (Doc. No. 30) be dismissed for failure to state a claim upon which relief can be granted (Doc. No. 59). In his amended complaint, Plaintiff alleges that Defendants Kohl's Department Stores Carlisle Pennsylvania, Kohl's Corporation, Kohl's Department Stores, and Kohl's, Inc. ("Defendants") are liable to him on a variety of statutory and tort grounds. (Doc. No. 1.) The events underlying the amended complaint stem from an incident in which Plaintiff and his mother allegedly shoplifted from a Kohl's Department Store ("Kohl's") in Carlisle, Pennsylvania. (Id. ¶¶ 6-22.) Plaintiff was charged with retail theft, a charge which was later dropped. (Id. ¶¶ 10, 12-13, 22.) According to the allegations in the amended complaint, Plaintiff and his mother were contacted by the police several weeks after the alleged theft. (Id. ¶¶ 10-11.) Plaintiff was informed that he had been identified based on information provided to the police by Kohl's, including information associated with Plaintiff's Kohl's charge card. (Id. ¶¶ 15-17.) In relation to his apprehension by the police and subsequent communications with Kohl's

Case 1:20-cv-02342-YK   Document 70   Filed 05/23/22   Page 2 of 4

employees, Plaintiff asserts five independent causes of action, including: (1) "violation of the Gramm-Leach Bliley Act"; (2) unjust enrichment; (3) "violation of the PA Unfair Trade Practices and Consumer Protection Law" ("UTPCPL"); (4) "unlawful imprisonment/false imprisonment"; and (5) "defamation of character and discrimination based on gender."  (Id. ¶¶ 23-58.)

On March 18, 2022, Plaintiff filed objections to Magistrate Judge Arbuckle's Report and Recommendation.  (Doc. No. 66.)  Much of the content of Plaintiff's objections is legally irrelevant and difficult for the Court to decipher, or simply reiterates arguments made in earlier briefing.  (Id.)  Among the issues Plaintiff raises is that Magistrate Judge Arbuckle failed to mention all of the arguments presented by Plaintiff in his brief in opposition (Doc. No. 37) to Defendants' motion to dismiss (Doc. No. 35) and sur-reply brief (Doc. No. 57).  Additionally, Plaintiff broadly takes issue with Magistrate Judge Arbuckle's characterization of the events underlying Plaintiff's arrest and therefore argues that the facts are, in fact, sufficient to sustain his claims.  (Doc. No. 66 at 3-5.)  On April 7, 2022, Defendants filed a reply to Plaintiff's objections, arguing that the Court should fully adopt the Report and Recommendation.  (Doc. No. 69 at 9.)

As an initial matter, the Court finds that Magistrate Judge Arbuckle took the facts as presented in Plaintiff's amended complaint as true and responded to Plaintiff's legal contentions thereto.  (Doc. No. 59.)  Plaintiff's objections, as well as his briefing on Defendants' motion to dismiss, attempt to supplement the content of the amended complaint with facts not originally alleged.  (Doc. Nos. 37, 57, 66.)  However, plaintiffs may not assert additional facts not contained in the amended complaint by way of a brief.  See Pa. ex rel. Zimmerman v. Pepsico, Inc., 836 F.2d 173, 181 (3d Cir. 1988) (holding that a party is not permitted to supplement an

initial pleading by way of a brief in opposition to a motion to dismiss); Bell v. Philadelphia, 275 F. App'x 157, 160 (3d Cir. 2008) (not precedential) (holding that additional claims cannot be raised by a plaintiff for the first time in a brief opposing summary judgment). The Court is therefore not required to consider new factual allegations advanced by Plaintiff outside of his amended complaint.

None of the Plaintiff's objections effectively refute the legal conclusions of Magistrate Judge Arbuckle. (Doc. No. 66.) Rather, Plaintiff attempts to rebut the Report and Recommendation by making a variety of unsupported or irrelevant assertions of both fact and law, some of which directly contradict the statements in his pleadings.[1] (Id.) As Defendants point out in their reply to Plaintiff's objections, Plaintiff "does not identify specific legal errors in the [] Report [and] Recommendation." (Doc. No. 69 at 9.) Because Plaintiff does not coherently challenge the legal reasoning of Magistrate Judge Arbuckle's findings, his objections are without merit.

Furthermore, following an independent review of the law, the Court agrees with Magistrate Judge Arbuckle's conclusions in this case. (Doc. No. 59.) Plaintiff fails to state claims for unjust enrichment, violation of the UTPCPL, false imprisonment, defamation, gender discrimination, or negligence. (Id.) The Court also agrees that that the Gramm-Leach Bliley Act provides no private right of action under which Plaintiff can sue Defendants. (Id. at 8-9.)

---

[1] For instance, in his amended complaint, Plaintiff alleges that "[o]n or about December 16th, 2019 Plaintiff was shopping at Kohl's Department Stores [i]n Carlisle, Pennsylvania." (Doc. No. 30 ¶ 6.) However, in his objections, Plaintiff states that "Defendants filed a false report because Plaintiff was never at the store on the date on the Criminal Complaint 12/16/2019, Plaintiff was not even in the [s]tate of Pennsylvania, Plaintiff was in Cincinnati on the sixteenth." (Doc. No. 66 at 7.)

Furthermore, Plaintiff does not state a claim for negligence per se under either the Gramm-Leach Bliley Act or the UTPCPL. (Id. at 21-21.)

Finally, Plaintiff requests additional leave to amend his amended complaint to incorporate a res ipsa loquitor theory. (Doc. No. 66 at 10.) Res ipsa loquitor is an evidentiary principle, which allows a plaintiff to bypass the standard burden of proving negligence by showing that the event in question "does not ordinarily occur in the absence of negligence." See Gilbert v. Korvette, Inc., 327 A.2d 94, 612-13 (Pa. 1974). It is not an independent cause of action. Id. Given that Magistrate Judge Carlson has rightly concluded that Plaintiff failed to plead either a duty of care owed to Plaintiff by Defendants or proximate cause, allowing Plaintiff to amend his amended complaint to reference the res ipsa loquitor doctrine would not save his negligence claim. (Doc. No. 59 at 18-19.) Therefore, the Court declines to grant leave to amend, as further amendment would be futile. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 245 (3d Cir. 2008).

**ACCORDINGLY**, on this 23rd day of May, 2022, upon independent review of the record and applicable law, **IT IS ORDERED THAT**:

1. The Court **ADOPTS** the Report and Recommendation (Doc. No. 59) of Magistrate Judge Arbuckle;

2. Plaintiff's amended complaint (Doc. No. 30) is **DISMISSED WITH PREJUDICE**; and

3. The Clerk of the Court is directed to **CLOSE** this case.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania